## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SUSAN C. MUELLER, and husband, S. OSCAR MUNIGA, **Plaintiffs** § § § § | |
| v. § § | CASE NO: 6:20-CV-1140 <br> JURY TRIAL DEMANDED |
| MCLANE COMPANY, INC. d/b/a MCLANE/SOUTHWEST, **Defendant** § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now Comes Plaintiffs, SUSAN C. MUELLER and S. OSCAR MUNIGA, complaining of MCLANE COMPANY, INC. d/b/a MCLANE/SOUTHWEST, hereinafter referred to as Defendant, and for cause of action would show the Court and Jury the following:

### SUMMARY OF THE COMPLAINT

This is a suit against Defendant complaining of disability discrimination and retaliation based on *the Texas Commission on Human Rights Act, V.T.C.A. Texas Labor Code §§ 21.001 et. seq.*; the *Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA); *the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq. (FMLA); The Employee Retirement Income Security Act (ERISA); and Texas Labor Code § 406.033* seeking damages for job termination and other related damages allowed by said laws.

## PARTIES

1. Plaintiffs Susan C. Mueller and S. Oscar Muniga are individuals. Defendant is a Texas corporation doing business in Bell County, Texas. The registered agent for Defendant is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2. Defendant is one or more entities with which Plaintiff, Susan C. Mueller, was employed and was discharged from employment on or about October 4, 2019.

3. Plaintiffs bring this suit against the entity or entities which have done business as "McLane Company, Inc.," "McLane/Southwest," and/or "McLane Company, Inc. d/b/a McLane/Southwest" and employed, discriminated, and discharged Plaintiff, Susan C. Mueller, from employment. Therefore, Plaintiffs bring this suit against all of the entities which employed Plaintiff at the time of any discrimination against her and at the time of termination of her employment.

## JURISDICTION/VENUE

4. Jurisdiction is based on federal questions under 28 U.S.C. § 1331 to the extent Plaintiffs assert claims under federal law; i.e. the *Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA); *the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq. (FMLA), and The Employee Retirement Income Security Act (ERISA).*

5. Jurisdiction of Plaintiffs' claims under the *Texas Labor Code § 406.033 and Chapter 21* is also appropriate under 28 U.S.C. § 1367, since the state law causes of action are so related to the federal claims in the action within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

6. At all times relevant to this cause of action, Plaintiff, Susan C. Mueller, was an "employee" of Defendant and Defendant was an "employer," as these terms are defined in the *ADA/ADAAA*, and the *Texas Labor Code*. Plaintiffs have exhausted all administrative remedies as required by law and as hereinafter stated.

7. Defendant does business in Bell County, Texas, which is within the Western District of Texas. The incidents in question occurred at Defendant's business location in Temple, Bell County, Texas.

## FACTS

8. Plaintiff, Susan C. Mueller, was a female employee of Defendant, as a selector, at Defendant's Temple, Bell County, Texas location at the time of her injuries and termination. Plaintiff worked as a full time employee of Defendant from May 29, 2013 until she was illegally discharged on or about October 4, 2019.

9. Plaintiff sustained an injury on the job on December 18, 2018. The injury resulted in Plaintiff having the impairment of a wrist fracture and related impairments; including, but not limited to, pain, swelling, impaired movement, and loss of grip.

10. On December 18, 2018, Plaintiff was selecting product, which involved pulling the product physically from high shelves. Plaintiff stepped up onto a pallet to reach the product. Plaintiff normally would have used a long "puller pole," with a type of hook on it, to obtain the product; however, there were no poles available to use. Because there were no poles, Plaintiff was required to step onto a pallet that had plastic shrink-wrap on the lower part of it. Plaintiff's foot was caught on some shrink wrap when she stepped back and she tripped and fell breaking her right wrist. Had

Plaintiff been provided with the appropriate instrumentality by the Defendant; i.e., the above described pole with the hook, she would not have fallen.

11. Plaintiff was taken off work due to her wrist injury in March 2019 and was not allowed to continue with modified duty. Plaintiff took medical leave until she was able to return to work without restrictions in July 2019.

12. Plaintiff sustained an injury on the job on September 11, 2019, when she tripped over a rack that protrudes out from the other racks approximately 1-2 in inches, and fell. A co-worker was standing by the conveyor, which required Plaintiff to walk closer to the racks than she normally would.

13. Plaintiff immediately notified her supervisor that she had fallen; however, Defendant did not send Plaintiff to a doctor at the time.

14. Plaintiff's pelvic and hip area became very painful following her fall, so Plaintiff went to the emergency room on September 19, 2019 for an evaluation. Plaintiff was diagnosed with a pelvic fracture and was taken off work by the doctor until September 24.

15. On September 20, 2019, Plaintiff notified Defendant that she had been to the emergency room and was diagnosed with a pelvic fracture from her fall on September 11 and would not be able to come in to work.

16. The injury resulted in Plaintiff having the impairment of a broken pelvis and related impairments; including, but not limited to, extreme pain, restricted movements, and difficulty in walking, stooping, or squatting. This injury amounted to a disability, as defined by the *TCHRA* and the *ADAAA,* because the pain affected the major life activities of standing, stooping, squatting, and walking as the average person in the population.

17. On September 23, 2019, Plaintiff delivered her medical paperwork to Defendant's human resource department. Plaintiff was sent home for the week and was told there was no work available for her.

18. On September 30, 2019, Plaintiff called Defendant to see if there was work for her. Plaintiff was told to come in on October 1, 2019 for light duty. Plaintiff returned to work on October 1 and was given a disciplinary write-up for the accident that caused her pelvic fracture.

19. On October 2, 2019, Plaintiff was given another disciplinary write-up for calling in on September 20 to report her diagnosis from the emergency room and advising Defendant that she would not be able to come to work.

20. On October 4, 2019, Plaintiff was terminated from her employment.

## CAUSES OF ACTION

### Violation of Chapter 21 Texas Labor Code & the ADA/ADAAA

21. Plaintiff, Susan C. Mueller, is a person with an impairment and is a "qualified individual with a disability," as that term is defined under the *Texas Labor Code* §§ 21.001 et seq., hereinafter the "*TCHRA*"; and the *Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA). At all times relevant to this action, Plaintiff alleges that she was an "employee" who was a "qualified individual with a disability"(i.e., Plaintiff satisfied all the skill, experience, education and other job-related selection criteria of her position with Defendant despite her disability or with a reasonable accommodation) and Defendant was an "employer," as those terms are defined under the *TCHRA* and the *ADA/ADAAA*.

22. At all relevant times to this suit, Plaintiff had the physical impairments as described above, that substantially limited one or more major life activities, a record of such an impairment, and/or was regarded as having such an impairment by Defendant, which resulted in a disability as defined by *TCHRA* and the *ADA/ADAAA*. Plaintiff alleges that she was able and qualified to do the essential functions of her regular job, with or without a reasonable accommodation, at the time of her termination.

23. Plaintiff alleges that the actions described above were motivating factors for her termination because of her disability, Plaintiff's record of a disability, or Defendant regarding her as being disabled in violation of the *TCHRA* the *ADA/ADAAA*, and/or Plaintiff's need to take leave regarding her own serious health condition under those laws and/or the *FMLA*, resulting in damages as hereinafter set forth. Further, Defendant failed to grant Plaintiff reasonable accommodations to include, but not limited to, a reasonable time-limited amount of leave to recuperate or enter into an interactive process to discover a reasonable accommodation, as described above and as allowed by the *TCHRA* and the *ADA/ADAAA*.

## Violation of the FMLA

24. Defendant was an employer of fifty or more employees within a seventy-five mile radius of Plaintiff's site of employment and was subject to the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. Plaintiff worked for Defendant for more than a year, had worked at least 1250 hours in the previous year of employment, and was therefore protected by the FMLA because of her serious health condition as defined by the FMLA and its regulations. Plaintiff was entitled to take reasonable leave, not to exceed a total of 12 workweeks of leave during any 12-month period, to care

for herself because of a serious health condition, as described under the *FMLA* and *Title 29 § 825 of the Code of Federal Regulations*.

25. Defendant's willful and intentional termination of Plaintiff's employment, under the circumstances described above, was a violation of the *FMLA* resulting in damages as hereinafter set forth.

26. The *FMLA* prohibits an employer from interfering with, restraining, or denying the exercise of any rights provided by said law, and the regulations, or from discharging an employee because of instituting any proceeding under said law. Plaintiff alleges that Defendant violated both her *prescriptive* and *proscriptive* rights under the *FMLA* by taking actions, including, but not limited to, the following:

   A. Defendant interfered with the exercise of Plaintiff's rights under the *FMLA* by refusing to allow Plaintiff to utilize the *FMLA* to protect her absences as described above.

   B. The *FMLA* provides that an employer cannot use the taking of *FMLA* leave as a negative factor in employment actions, such as disciplinary actions. Defendant's use of the taking of the intermittent and/or emergency *FMLA* leave by Plaintiff, for her own self-care, in the decision to discharge her, was a violation of said law.

   C. Defendant's action in discharging Plaintiff violated said law.

   D. Defendant retaliated against Plaintiff for exercising her rights under the *FMLA* when it discharged her and refused to allow her to return to her previous or comparable position.

Defendant's discrimination against Plaintiff as described above resulted in damages as hereinafter set forth.

## TCHRA/ADA/FMLA DAMAGES

28. As a result of the violation of *TCHRA* and/or the *ADA/ADAAA,* as described above, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future compensatory damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff hereby sues for reimbursement of said damages.

29. As a result of the violation of the *FMLA*, as described above, Plaintiff has suffered the loss of past and future wages, employment benefits, and other compensation lost as a result of the violations.

## Causes of Action- Duty & Negligence

30. Defendant, at all times relevant to this suit, was an employer, who was a non-subscriber to the Texas Worker's Compensation system by not providing a qualifying worker's compensation policy of insurance for its employees as provided by Texas Labor Code § 406.033. Because Defendant is a non-subscriber, this cause of action is governed by the provisions of Texas Labor Code § 406.033, which waives certain defenses of Defendant as stated in said law.

31. Under the law of Texas, Defendant has a non-delegable and continuous duty to use ordinary care to: (1) provide its employees a reasonably safe workplace; (2) warn employees of the hazards of their employment; (3) furnish reasonably safe machinery, tools or instrumentalities; (4) supervise employee's activity; (5) provide proper training, rules, and regulations for safety; and (6) provide sufficient and careful and competent fellow employees.

32. On the occasions in question on December 18, 2018 and/or September 11, 2019, Defendant was negligent and violated its duties to Plaintiff in the following manner:

    A. In failing to provide reasonably safe tools, instrumentalities, and equipment, as well as a reasonably safe workplace;

    B. In failing to properly supervise the activities of their employees;

    C. In failing to provide proper training, rules, and regulations;

    D. In failing to provide a sufficient number of careful and competent fellow employees.

    E. On the occasion on September 11, 2019, the contemporaneous negligence of Plaintiff's co-employee, who caused Plaintiff to be distracted because of where the co-employee was negligently standing and caused her to be required to walk where she tripped and fell, thereby causing the injury to her body, hip, and pelvis. At the moment Plaintiff tripped over the edge of the shelving that jutted out further than necessary, Plaintiff was distracted by the co-employee and did not have the awareness that she was about to trip over the shelving and she did not have time to see that she was going to trip over it. Plaintiff also alleges that the area of the shelving that caused her to trip was not open and/or obvious.

33. The foregoing acts of negligence were a proximate cause of Plaintiff's damages as hereinafter set forth.

**Bodily Injury Damages of Plaintiff**

34. As a proximate result of the incidents described above, Plaintiff, Susan C. Mueller, was caused to suffer bodily injuries, and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

    E. Physical impairment in the past;

F. Physical impairment in the future;

G. Loss of earnings in the past;

H. Loss of earnings in the future;

I. Mental anguish in the past; and

J. Mental anguish in the future.

## Damages of Plaintiff S. Oscar Muniga

35. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, S. Oscar Muniga, was caused to suffer, and to incur the following damages:

A. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

B. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

C. Loss of Household Services in the past; and

D. Loss of Household Services in the future.

## VIOLATION OF 29 U.S.C. SECTION 1140 (ERISA)

36. Plaintiff was injured on the job as described above. Under Defendant's Texas Employees Injury Benefit Plan ("Plan") (an Employment Retirement Security Act ("ERISA") qualified plan), Plaintiff had the right to be compensated for her on the job injuries resulting in medical expense and impairment. However, Plaintiff was terminated from employment shortly after her injury of September 11, 2019 and the Defendant refused to compensate her under the Plan. Plaintiff alleges that she was terminated from her employment in retaliation for her injury on the job and/or in order to prevent and/or interfere with her rights under the Plan and the right to receive compensation for her past and/or future medical expenses related to the injury and/or any other benefits she might have

been entitled to receive under the Plan.  This termination of her employment and/or interference with her rights under the Plan violates ERISA, 29 U.S.C. Section 1140 (a/k/a "Section 510") for which violation and damages Plaintiff makes claim.

### ERISA DAMAGES

37. As a result of the ERISA violation described above, Plaintiff seeks all equitable and legal damages allowed by ERISA to include reasonable back pay and future pay. Plaintiff also seeks reasonable attorney fees necessary for the recovery of her damages

### PUNITIVE DAMAGES

38. Defendant's wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's state protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant.

### LIQUIDATED DAMAGES

39. Defendant's bad faith and unreasonable wrongful actions in violating Plaintiff's rights under the *FMLA* should result in the Court awarding an additional sum as liquidated damages equal to the damages awarded for all of the foregoing economic damages of Plaintiff.

### INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

40. On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff  requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in § 21.258 of the *Texas Labor Code* and the *ADA*, including reinstatement to her job, if reasonably possible at the time and under the circumstances then existing.

## ATTORNEY FEES

41. Plaintiff has also had to employ an attorney to vindicate her rights for being terminated, and seeks reasonable and necessary attorney fees as allowed by law.

## EQUITABLE RELIEF

42. The Court should award appropriate equitable relief such as an injunction against further wrongful acts and/or reinstatement, if reasonably possible under the circumstances then existing.

## ADMINISTRATIVE PREREQUISITES

43. Plaintiff alleges that all conditions precedent to the causes of action under the *TCHRA and the ADA/ADAAA* or any other law have been performed or have occurred, including exhausting all required administrative remedies. Plaintiff timely filed a complaint of discrimination with the Texas Workforce Commission-Civil Rights Division within 180 days of her termination (which is a joint filing with the EEOC), cooperated with the investigation, allowed 180 days for the investigation of the complaint, and has requested a right to sue from the TWCCRD and the EEOC.

## JURY DEMAND

44. Plaintiff respectfully demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff requests that Plaintiff be awarded relief and damages, as stated above, including past and future lost compensation and benefits, past and future compensatory damages, punitive damages, injunctive relief, reinstatement if reasonably possible, attorney fees, costs of court, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

**DANNY C. WASH**
State Bar No. 20896000
WASH & THOMAS
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax Number
danwash@washthomas.com

By: */s/ Danny C. Wash*
    **Danny C. Wash**
    State Bar No. 20896000

ATTORNEY FOR PLAINTIFF